IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-58-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY HINES, | ) | |
| | ) | |
| Defendant. | ) | |

On October 7, 2008, pursuant to a written plea agreement, Timothy Hines ("Hines") pleaded guilty to possession with the intent to distribute 50 grams or more of cocaine base (crack). See [D.E. 22, 23, 61]. On June 12, 2009, the court held Hines's sentencing hearing. See [D.E. 51, 59]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Hines's total offense level to be 33, his criminal history category to be IV, and his advisory guideline range to be 188 to 235 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hines to 188 months' imprisonment. See id.; [D.E. 36].

On October 8, 2015, Hines moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 74]. Hines's new advisory guideline range is 151 to 188 months' imprisonment, based on a total offense level of 31 and a criminal history category of IV. See Resentencing Report. Hines requests a 151-month sentence. See id.; [D.E. 74] 2, 5.

The court has discretion to reduce Hines's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir.

2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hines's sentence, the court finds that Hines engaged in serious criminal behavior. See PSR ¶¶ 3–6. Moreover, Hines is a violent recidivist and has convictions for possession of cocaine, assault on a government official/employee, and trafficking in cocaine (two counts). See id. ¶¶ 8–19. Hines also has performed poorly on supervision and has essentially no work history. See id. ¶¶ 13–15, 19, 37–42. Hines has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for possession of gambling paraphernalia, being in an unauthorized area, phone abuse, possessing an unauthorized item (twice), and giving/accepting money without authorization. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Hines received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hines's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Hines's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Hines's motion for reduction of sentence [D.E. 74].

2

SO ORDERED. This 22 day of May 2018.

                                                                   JAMES C. DEVER III
                                                                   Chief United States District Judge